IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:  
Derrek McCree, Sr.  
Debtor

CASE NO. 16-30971

CHAPTER 13

## MOTION FOR RELIEF FROM STAY
## AND FOR PERMISSION TO FORECLOSE MORTGAGE

**COMES NOW, Patricia Pickens,** who does hereby file this motion for order relieving the Movant of the automatic stay in favor of debtor, **Derrek McCree, Sr.** thereby permitting Movant to foreclose her mortgage showing unto this Honorable Court as follows:

1. Movant is the holder of a mortgage on certain real estate of the Debtor's, as more fully described in the Exhibit "A" attached hereto, said mortgage being recorded in the Office of the Judge of Probate of Montgomery County, Alabama, in Real Property Book 4693, page 348.

2. The principal balance on said real estate mortgage is approximately $96,662.65 plus accrued interest, late charges and reasonable attorney's fees as provided therein. Debtors have failed to keep current the post-petition mortgage payments. The last payment received by the Debtors was February 8, 2018. The Debtor is currently four (4) months past due on post-petition payments and the March payment will be due in a matter of days.

3. Debtor has failed to maintain hazard insurance coverage and has not paid the escrow portion of any payments such that Movant could afford to purchase coverage.

4. Movant will lose the fruits of its mortgage unless the relief is granted and Movant is permitted to proceed at once with foreclosure.

WHEREFORE, THE PREMISES CONSIDERED, **Patricia Pickens**, does hereby move this Honorable Court to make and enter an order permitting her to proceed with the foreclosure of said real estate mortgage, pursuant to the laws of the State of Alabama, and the power of sale contained in said attached mortgage.

DATED this 22nd day of February, 2018.

> s/Charles W. Edmondson
> Charles W. Edmondson (EDM002)
> Attorney for
> **Patricia Pickens**

Charles W. Edmondson
Attorney at Law
621 S. Perry Street
Montgomery, AL 36104
(334) 265-9034

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the above Motion was served on Sabrina L. McKinney, P.O. Box 173, Montgomery, Alabama 36101, Joshua C. Milam, The Shinbaum Law Firm, 566 S. Perry Street, Montgomery, AL 36104-4616 and Derrek McCree, Sr., 1867 Gateway Drive, Montgomery, AL 36106, either electronically or by depositing same in the United States Mail, postage prepaid, this 22nd day of February, 2018.

> s/Charles W. Edmondson
> Charles W. Edmondson (EDM002)


Exhibit "A"

# MORTGAGE

STATE OF ALABAMA, MONTGOMERY COUNTY

KNOW ALL MEN BY THESE PRESENTS. that

WHEREAS, the undersigned **Derrek McCree, Sr.**, an unmarried man, hereinafter referred to as "Mortgagor", is justly indebted to **Patricia Pickens,** hereinafter sometimes referred to as "Mortgagee," in the principal sum of Ninety-Nine Thousand Six Hundred Fifty and 00/100--- Dollars, together with interest thereon at 5.7574% per annum as evidenced by Promissory Note of even date and payable pursuant to the terms thereof which, if not sooner paid, shall fully mature on the 1st day of June, 2020.

For this purpose, Mortgagor does hereby mortgage, grant and convey to Mortgagee the following described property located in Montgomery County, Alabama, to-wit:

> Lot 1, Block 5, Heatherton Heights Plat No. 1, as the Plat of same appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 20, at Page 92.

The above described real property is commonly known as 1867 Gatewood Drive, Montgomery, Alabama 36106.

**IT IS EXPRESSLY UNDERSTOOD BY AND BETWEEN THE PARTIES THAT THIS IS A BALLOON MORTGAGE, PAYABLE PURSUANT TO THE TERMS OF THE PROMISSORY NOTE EXECUTED SIMULTANEOUSLY HEREWITH. MORTGAGEE SHALL HAVE NO OBLIGATION TO RENEW SUBJECT INDEBTEDNESS OR TO REFINANCE THE SAME AT THE TIME OF MATURITY OF THIS INSTRUMENT AND SAID PROMISSORY NOTE SECURED THEREBY.**

TO HAVE AND TO HOLD the aforegranted premises, together with the improvements and appurtenances thereunto appertaining and belonging, unto the said **Patricia Pickens,** her heirs and assigns FOREVER.

And, the said **Derrek McCree, Sr.** does hereby covenant with the said Mortgagee, her heirs and assigns, that he is lawfully seized in fee of said premises; that he is free of and from all encumbrances; and that he will warrant and forever defend the same against the lawful claims and demands of all persons.

BUT, THIS CONVEYANCE IS MADE UPON THE FOLLOWING CONDITIONS NEVERTHELESS, that is to say: If Mortgagor shall well and truly pay or cause to be paid, the debt above described, and each and all of them, and each and every installment thereof and interest thereon, when due, together with all other indebtedness owed by (me) (us) to said Mortgagees, then this conveyance shall become null and void. But should (I) (we) fail to pay said debt, or any installment thereof, at maturity, or any other indebtedness, or any installment thereof, now owing or that may be hereinafter incurred before payment of the debt evidenced by said note executed simultaneously with this mortgage, then at Mortgagees' option, all of said indebtednesses shall become due and payable at once; whereupon the said Mortgagees, their heirs and assigns, agents or attorneys, are hereby authorized and empowered to sell the said property hereby conveyed at auction for cash to the highest bidder at the Courthouse door of the County Courthouse of the County wherein any of the property hereby conveyed is situated, first having given notice thereof for three weeks by publication once a week in any newspaper then published in the said County in which any of the property hereby conveyed is situated and in which County said sale is to occur, and to make, execute, and deliver proper conveyance to the purchasers: and, out of the proceeds of said sale the Mortgagees shall first pay all expenses incident thereto, together with a reasonable attorney's fee, then retain enough to pay said note and interest thereon and all other outstanding indebtednesses then owing to said Mortgagees, and the balance, if any, payable to the undersigned. In the event the proceeds from said sale are insufficient to pay said indebtednesses and the expenses of said sale, (I) (we) agree to pay the balance forthwith. In the event of such sale, the said Mortgagees, their heirs and assigns, agents and attorneys are authorized and empowered to purchase the said property, the same as if they were strangers to this conveyance; and, the auctioneer or person making the sale is hereby empowered and directed to make and execute and deliver a deed to the purchasers in (my) (our) name(s).

It is also agreed that, in case the Mortgagee herein, her heirs or assigns, see fit to foreclose this mortgage in a court having jurisdiction thereof, (I) (we) will pay the costs thereof including reasonable attorney's fee therefor, which shall be and constitute a part of the debt hereby secured.

(I) (we) further represent and declare to said Mortgagee that the titles to said real estate are in (my) (our) own right, and that the representations, herein made as to titles and encumbrances are so made with the intent and for the purpose of procuring this loan.

(I) (we) further specifically waive all exemptions which (I) (we) have, or to which (I) (we) may be entitled under the Constitution and laws of the State of Alabama or any other State in regard to the collection of the indebtedness hereby secured.

It is also agreed that, so long as any of the indebtedness or indebtednesses secured hereby remain unpaid, Mortgagor will neither permit nor commit, waste on said mortgaged premises, and will maintain said premises and the improvements thereon in good condition, and will pay all charges that may become liens upon said premises (either land or improvements, or both), and will not permit any lien which might take precedence over the lien of this mortgage to accrue and remain on said premises, or any part thereof, or on the improvements thereon. (I) (we) further agree that upon failure to keep and maintain said premises in a condition satisfactory to the Mortgagees, or failure to discharge such liens promptly, or the

commission of waste, or failure to prevent waste as determined by the Mortgagees, shall constitute default under the terms hereof, and shall accelerate the payment of all of the indebtedness or indebtednesses hereby secured, and shall entitle the Mortgagees, at their option, to foreclose this mortgage, the same as if default had been made in payment of the indebtedness or indebtednesses hereby secured.

(I) (we) further agree to keep the mortgaged premises insured against fire, windstorm, and such other hazards, and in such companies and amounts as the Mortgagee may deem appropriate and each such policy shall contain an endorsement designating Mortgagee as its interest may appear and (I) (we), further agree that all such policies shall be delivered to and held by Mortgagees during the life of this mortgage, and (I) (we) further agree to pay all taxes and assessments, general or special, levied upon the mortgaged premises, before the same shall become delinquent.

The Mortgagors shall, at Mortgagee's option, deposit monthly with Mortgagee along with the required principal and interest payments, such reasonable amounts as Mortgagee might estimate and require, for the payment of future taxes and insurance.

Failure to insure said property and pay the premiums on such insurance before the same become delinquent, as well as failure to pay all such taxes and assessments before the same become delinquent, shall constitute default in the terms of this mortgage; and, in such event the Mortgagee may, at its option and without notice, pay such delinquent insurance premiums, taxes, or assessments, add same to the principal of the mortgage indebtedness, declare the mortgage in default, and proceed at its option to foreclose the same just as if default had been made in payment of the indebtedness or indebtednesses hereby secured.

Mortgagor hereby assigns to Mortgagee any and all awards or damages, actual and consequential, for the taking of any portion or all of the mortgaged premises, by the exercise of the right of eminent domain for condemnation, including, but not limited to, damages or awards for changes to the grades of streets, or acquiring title to streets. The proceeds of such awards or damages, when received by the Mortgagee, shall be applied in reduction of the mortgage indebtedness.

This mortgage shall be due and payable, at Mortgagee's option, if Mortgagor shall convey any part or interest in the secured property.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this the 8th day of May, 2015.

*Derrek McCree Sr.*
Derrek McCree, Sr.

STATE OF ALABAMA, MONTGOMERY COUNTY

I, the undersigned authority, a Notary Public in and for said State and County hereby certify that Derrek McCree, Sr. is signed to the foregoing, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, executed the same voluntarily on the day the same bears date.

Given under my hand and seal this 8th day of May, 2015.

NOTARY PUBLIC
MY COMMISSION EXPIRES: 12/29/2018

PREPARED BY:
Charles W. Edmondson, P.C.
Attorneys at Law
621 S. Perry Street
Montgomery, Alabama 36104

```
STATE OF ALA.
MONTGOMERY CO.
I CERTIFY THIS INSTRUMENT
WAS FILED ON
RLPY 04693 PG 0348-0349 2015 May 11
08:51 AM
STEVEN L. REED
JUDGE OF PROBATE
```

| | |
|---|---|
| INDEX | $5.00 |
| REC FEE | $5.00 |
| CERT | $1.00 |
| MORTGAGE TAX | $149.55 |
| CHECK TOTAL | $160.55 |
| 239820 | Clerk: #101 09:00AM |